**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| BETHANY LAVALLEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| BULL CITY FINANCIAL | ) | |
| SOLUTIONS INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Bethany Lavallee, by and through undersigned counsel,

and for his complaint against the Defendant, Bull City Financial Solutions Inc., Plaintiff

states as follows:

### I.      PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt

   Collection Practices Act 15 U.S.C. § 1692 *et seq*. ("FDCPA").

### II.      JURISDICTION & VENUE

2. This action arises out of violations of the FDCPA.

3. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this District in that Plaintiff resides here, Defendant transacts

   business here, and the conduct complained of occurred here.

### III.      PARTIES

5. Bethany Lavallee ("Plaintiff") is a natural person who resides in Atchison, Kansas .

6. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. Bull City Financial Solutions Inc., ("Bull City") is a business entity engaged in the collection of consumer debt within the State of Kansas.

8. Bull City is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) in that it is an entity of which its 'principal purpose" is the collection of any debts.

## IV.   ALLEGATIONS

9. The Debt allegedly owed by Plaintiff ("the Debt"), was incurred primarily for personal, family, or household services and are therefore a "debt" as that term is defined by the FDCPA, 15. U.S.C. § 1692a(5).

10. On or about September 9, 2020, Plaintiff retained counsel to assist in the resolution of several debts, including the Debt.

11. On or about October 26, 2020, Plaintiff's counsel sent, via certified mail, notice of representation to Bull City.

12. On or about November 2, 2020, Bull City received the notice of representation from Plaintiff's Counsel.

13. On or about November 4, 2020, Bull City sent Plaintiff a letter in attempt to collect the Debt.

14. This November 4, 2020 communication by Bull City violated 15 U.S.C. § 1692c(a)(2), in that Bull City contacted a consumer after receiving notice that the consumer was represented by an attorney.

15. Upon information and belief, this November 4, 2020 communication was the first time Bull City attempted to collect the Debt from Plaintiff.

16.  Upon information and belief, Plaintiff alleges that Bull City violated 15 U.S.C. §

1692g in that it failed to send Plaintiff a 30-day validation notice within five days of

the initial communication on November 4, 2020.

## V.      JURY DEMAND

17. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so

triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully prays for judgment as follows:

a.       All actual compensatory damages suffered pursuant to 15 U.S.C. §

1692k(a)(1) from Bull City and for Plaintiff;

b.       Statutory damages of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A) from Bull City and for Plaintiff;

c.       Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. §

1692k(a)(3) from Bull City and for Plaintiff;

d.       Any other relief deemed appropriate by this Honorable Court.

Date: February 1, 2021

Respectfully submitted,

**CREDIT LAW CENTER**

**By: /s/ Anthony Hernandez**
Anthony Hernandez
KS Fed # 78743
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO  64064
Telephone:  816-282-0422
Facsimile:   855-523-6884
anthonyh@creditlawcenter.com
**Attorney for Plaintiff**